**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Spain,<br><br>             Plaintiff,<br><br>vs.<br><br>Sundt Construction, Inc., an Arizona corporation,<br><br>             Defendant. | No. CV-11-1617-PHX-LOA<br><br>**ORDER** |

*Pro se* Plaintiff commenced this lawsuit on August 18, 2011. (Doc. 1) On the same day, the case was randomly assigned to Magistrate Judge Lawrence O. Anderson. (Doc. 2) On September 7, 2011, Judge Anderson issued a Notice of Assignment and Order, directing Plaintiff to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States District Judge on or before September 14, 2011. (Doc. 4)

On September 19, 2011, Judge Anderson issued an Order to Show Cause due to Plaintiff's failure to comply with Judge Anderson's September 7, 2011 order to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a United States District Judge. (Doc. 5)  Plaintiff was ordered to show cause in writing on or before September 26, 2011 why this case should not be dismissed without prejudice, or why sanctions should not be imposed for her failure to comply with court orders.

In his September 19, 2011 Order to Show Cause (Doc. 5) Judge Anderson forewarned Plaintiff that, pursuant to Federal Rule of Civil Procedure 41(b) and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets and, in the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case with or without prejudice. *See also Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887, 887 (5th Cir. 1968) (cases omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (district court may "fashion appropriate sanction for conduct" including "outright dismissal."). "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, 211 P.3d 16, 30 (Az. Ct. App. 2009) (concluding the trial court did not abuse its discretion in striking plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant) (collecting federal and state cases of dismissals for failure to comply with court orders).

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "disobedience [of] the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Chambers*, 501 U.S. at 44 (quoting *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 798 (1987)) (internal quotation marks omitted). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. L.A. Cnty.*, 216 F.3rd 837, 841 (9th Cir. 2000) (citing *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943)); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (The public interest "in expeditious resolution of litigation," a court's need to manage docket, risk of prejudice to party seeking sanctions, public policy favoring disposition on the merits, availability of lesser sanctions, bad faith of violating party, relationship between conduct and merits justify sanction); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (personal responsibility of party, prejudice to other party, history of dilatory conduct, willfulness or bad faith, other sanctions, merits of claim or defense).

- 2 -

1    The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates
2  the early and ongoing judicial management of the pretrial process. Under the CJRA mandate,
3  "[f]ederal trial courts are now required, by statute, to implement techniques and strategies
4  designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Techs.*
5  *Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Additionally,
6  federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that
7  [the Rules] 'be construed to secure the just, *speedy* and *inexpensive* determination of every
8  action.'" *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (emphasis in original). Plaintiff's
9  failures to timely comply with Judge Anderson's September 7th and 19th, 2011 orders are
10 frustrating the speedy and inexpensive resolution of this case.

11   In determining whether to dismiss a case for failure to comply with court orders,
12 district courts weigh five factors: (1) the public interest; (2) the court's need to manage the
13 docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition
14 of cases on their merits; and (5) the availability of less drastic alternatives. *Ferdik*, 963 F.2d
15 at 1260-61. Plaintiff's failures to comply with court orders are frustrating the Court's
16 responsibilities mandated by Federal Rule of Civil Procedure 1 and the Civil Justice Reform
17 Act of 1990, 28 U.S.C. § 471 *et seq.*, such as, "setting early, firm trial dates, such that the
18 trial is scheduled to occur to occur *within eighteen months* after the filing of the complaint.
19 . . ." 28 U.S.C. § 473(a)(2) (emphasis added). Plaintiff's *pro se* status does not discharge her
20 obligation to "abide by the rules of the court in which [they] litigate[]." *Carter v. Comm'r*
21 *of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

22   After considering the adequacy of lesser sanctions, that Plaintiff has been forewarned
23 that sanctions may be imposed, and weighing all five *Ferdik* factors to determine if dismissal
24 is appropriate due to Plaintiff's failure to comply with prior court orders, the Court concludes
25 that dismissal of Plaintiff's Complaint without prejudice is appropriate and just under the
26 circumstances of this case.

27   Pursuant to General Order 11-3 (Dismissal of a Civil Case Assigned to a United States
28 Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C. § 636(c)(1)),

1 **IT IS ORDERED DISMISSING** Plaintiff's Complaint without prejudice. The Clerk
2 is kindly directed to terminate this case.
3 DATED this 13th day of October, 2011.

Stephen M. McNamee
United States District Judge

- 4 -