**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Spain, | No. CV-11-1617-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Sundt Construction, Inc., an Arizona corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Relief from Judgment and Order Pursuant to Fed.R.Civ.P.60(b)(1) (Doc. 9). The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiff pro se filed a Title VII sexual harassment case on August 18, 2011 (Doc. 1). On September 7, 2011, the Court issued a Notice of Assignment and Order giving Plaintiff until September 14, 2011 to file a written consent to magistrate judge jurisdiction or an election to proceed before a United States District Judge (Doc. 4). Plaintiff failed to comply with the Order and, on September 20, 2011, Magistrate Judge Lawrence O. Anderson issued an Order for Plaintiff to show cause why the case should not be dismissed without prejudice. (Doc. 5). Plaintiff failed to comply with the Court's Order and, on October 13, 2011, the Court issued an Order dismissing Plaintiff's complaint without prejudice (Doc. 6).

On October 20, 2011, Plaintiff, having retained counsel, filed a motion for relief from

the Court's judgment and Order.

## II. RELIEF FROM A FINAL JUDGMENT OR ORDER

### A. Rule 60(b) of Civil Procedure

Federal Rule of Civil Procedure 60(b)(1) permits a court to relieve a party or its legal representative from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). In this case, Plaintiff must show excusable neglect to qualify for relief under Rule 60.

### B. Legal Standard

The Supreme Court has explained the meaning of "excusable neglect" as "encompass[ing] situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 394 (1993) (discussing "excusable neglect" under the bankruptcy rules).

The Ninth Circuit has adopted the equitable test of *Pioneer* for excusable neglect under Rule 60(b). *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Excusable neglect is a "somewhat 'elastic' concept." *Id.* at 381 (citing *Pioneer*, 507 U.S. at 391). While inadvertence, ignorance of the rules, or mistakes construing the rules will not usually constitute excusable neglect, a court reaching a determination must examine all of the relevant circumstances involved. *Id.* at 381-82.

Four nonexclusive factors provide a framework for determining whether missing a filing deadline constitutes excusable neglect: "(1) The danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24); *see also Briones*, 116 F.3d at 381 (citing *Pioneer*, 507 U.S. at 395). A court should explicitly use this four-factor *Pioneer-Briones* framework for an analysis of excusable neglect under Rule 60(b)(1). *Lemoge*, 587 F.3d at 1192, 1194.

Because the *Pioneer* standard is an equitable one, after considering the four nonexclusive factors, a court must consider any other relevant circumstances that exist.

*Briones*, 116 F.3d at 381 (citing *Pioneer*, 507 U.S. at 395). If the movant cannot file her action because the statute of limitations has run and there is "no or only slight prejudice to the opposing party if relief is granted," the court should additionally consider prejudice to the movant if relief is denied. *See Lemoge*, 587 F.3d at 1195 (holding that prejudice to the movant should be considered in evaluating a Rule 60(b) motion after a dismissal for noncompliance with Rule 4(m)).

### C.  Discussion

The Court will first apply the four-factor framework of *Pioneer-Briones*. Under the first factor, the Court must consider the danger of prejudice to the opposing party. Defendant has not responded to Plaintiff's Rule 60(b) motion, and thus has not alleged that it will suffer any prejudice if the motion is granted.[1] While any delay involves the possibility of prejudice to the defendant, this alone is insufficient to require denial of a Rule 60(b)(1) motion. *Bateman*, 231 F.3d at 1225. There is no evidence that granting relief will affect the Defendant's ability to litigate the case on its merits or cause Defendant to alter its litigation strategy. It is therefore unlikely that Defendant will suffer significant prejudice if the motion is granted.

The second factor considers the length of the delay and its potential impact on the proceedings. Rule 60(c) requires a Rule 60(b)(1) motion to be brought "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). Reasonable time depends upon the facts of each case. *Lemoge*, 587 F.3d at 1196-97. Plaintiff's motion was filed seven days after the dismissal of her case. (*See* Docs. 6 & 9). The Ninth Circuit has previously found delays of twelve days and seven months to be reasonable. *See Lemoge*, 587 F.3d at 1197; *Bateman*, 231 F.3d at 1225. Here, a seven day delay is minimal, particularly in light of the fact that, at present, it is only five months since Plaintiff filed her lawsuit. Accordingly, it seems unlikely that Plaintiff's seven day delay in filing her Rule 60(b) motion will have a significant impact on

---

[1] The Court notes that Defendant has not been served in this matter.

- 3 -

the proceedings.

The third *Pioneer-Briones* factor considers the reason for the delay. On its face, this factor appears to be the heart of the "excusable neglect" analysis. Excusable neglect does not include situations in which the failure to file on time is due to "reasons beyond his or her control." *Pioneer*, 507 U.S. at 394; *see also Briones*, 116 F.3d at 382 n. 1. The Ninth Circuit has held that, in some cases, medical problems can be adequate reasons for a delay or failure to comply with a court order. *See Lemoge*, 587 F.3d at 1197. Plaintiff has supplied documentation showing evidence of post-traumatic stress disorder (PTSD), but her documentation, dated April 18, 2011, predates the time period in which she failed to comply with court orders. (*See* Doc. 9-1). It is therefore uncertain whether Plaintiff suffered from the same symptoms in September 2011. However, the documentation shows a history of psychological problems from December 2009 to April 2011. Plaintiff was also initially pro se and, after retaining counsel, failed to forward the Court's September 19, 2011 Order to her counsel's office. (Doc. 9 at 3).

As to the fourth factor, whether the movant acted in good faith, there is no evidence that Plaintiff's failure to comply with the Court's orders was from anything other than good faith. It certainly does not appear that Plaintiff chose to have her case dismissed out of "deviousness or willfulness," but rather that her inaction resulted from "negligence and carelessness." *Bateman*, 231 F.3d at 1225. Thus, although the evidence does not strongly support Plaintiff's excuse for failing to comply with Court orders, the factors favor granting relief to Plaintiff. This is especially so considering the prejudice to the Plaintiff if her motion is denied.

Unless Plaintiff succeeds on this Rule 60(b)(1) motion, she will "endure the ultimate prejudice of being forever barred from pursuing [her] claims." *Lemoge*, 587 F.3d at 1196. Plaintiff was required to file her lawsuit within a 90-day period after receiving her Notice of Right to Sue from the Equal Employment Opportunity Commission, a period which expired shortly after she commenced this lawsuit. (Doc. 9 at 7-8). In *Lemoge*, the Ninth Circuit held that the combination of slight or no prejudice to the non-moving party, the running of the

1  statute of limitations, and a Rule 60(b)(1) motion to set aside a dismissal for noncompliance
2  with Rule 4(m) required that the court consider the prejudice to the movant if relief is denied.
3  *Lemoge*, 587 F.3d at 1195. Here, Plaintiff has moved to set aside a dismissal for
4  noncompliance with Rule 73(b), but the logic similarly holds. Accordingly, the Court must
5  consider, in addition to the four *Pioneer-Briones* factors, the prejudice to Plaintiff if her
6  motion is denied.

7        If the Court denies Plaintiff's Rule 60(b)(1) motion, Plaintiff will suffer substantial
8  prejudice. She cannot re-file her claims because the statute of limitations has run. The
9  prejudice to Plaintiff is evaluated with respect to the prejudice to Defendant (the first
10 *Pioneer-Briones* factor). *See Lemoge*, 587 F.3d at 1196. Because there is no evidence of any
11 meaningful prejudice to Defendant if the motion is granted, and granting the motion would
12 prevent substantial prejudice to Plaintiff and permit the adjudication of her case on the
13 merits, the equitable test of *Pioneer* strongly favors granting relief.

14       Under the circumstances involved, Plaintiff has demonstrated that her failure to
15 comply with the Court's September 7, 2011 and September 19, 2011 Orders was excusable
16 neglect, and under Rule 60(b)(1), the Court relieves Plaintiff from the final judgment and
17 Order dated October 13, 2011.

18       Accordingly,

19       **IT IS ORDERED** granting Plaintiff's Motion for Relief from Judgment and Order
20 Pursuant to Fed.R.Civ.P.60(b)(1) (Doc. 9).

21       **IT IS FURTHER ORDERED** that the Judgment entered October 13, 2011 (Doc. 7)
22 is vacated.

23       DATED this 30th day of January, 2012.

James A. Teilborg
United States District Judge

- 5 -