FENNEMORE CRAIG, P.C.
Ronald J. Stolkin (No. 002552)
Jessica Post (No. 027468)
3003 N. Central Avenue
Suite 2600
Phoenix, AZ  85012-2913
Telephone:  (602) 916-5124
Email:  rstolkin@fclaw.com
Email:  jpost@fclaw.com

Attorneys for Defendant
SUNDT CONSTRUCTION, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| STEPHANIE SPAIN,<br><br>            Plaintiff,<br><br>v.<br><br>SUNDT CONSTRUCTION, INC., an Arizona corporation,<br><br>            Defendant. | No.  CV-11-1617-PHX-JAT<br><br>**ANSWER OF DEFENDANT SUNDT CONSTRUCTION, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

For its Answer to Plaintiff's First Amended Complaint, Defendant Sundt Construction, Inc., an Arizona corporation, (hereinafter "Sundt") admits, denies and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Answering paragraph 1 of Plaintiff's First Amended Complaint, it denies that discrimination on the basis of sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq. ("Title VII") occurred; it denies all remaining allegations contained in paragraph 1 of Plaintiff's First Amended Complaint not expressly admitted.

2. Sundt is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

3. It admits the allegations in paragraph 3 of Plaintiff's First Amended Complaint.

4. It denies the allegations in paragraph 4 of Plaintiff's First Amended Complaint.

5. It admits the allegations in paragraphs 5 and 6 of Plaintiff's First Amended Complaint.

6. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

7. It admits the allegations in paragraph 8 of Plaintiff's First Amended Complaint.

## ALLEGED FACTUAL BACKGROUND

8. Answering Paragraph 9 of Plaintiff's First Amended Complaint, it incorporates by this reference each admission, denial and allegation contained paragraphs 1-7 of this Answer as though fully set forth herein.

9. It admits the allegations in paragraphs 10 and 11 of Plaintiff's First Amended Complaint.

10. It denies the allegations in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of Plaintiff's First Amended Complaint.

11. Answering paragraph 22 of Plaintiff's First Amended Complaint, on information and belief it admits that on October 24, 2009, Plaintiff had a birthday party, that Mr. Criswell and his wife did attend the party, that Plaintiff hugged Mr. Criswell's wife and that Mr. Criswell and Plaintiff hugged; it denies all remaining allegations contained in paragraph 22 of Plaintiff's First Amended Complaint not expressly admitted.

12. It is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraphs 23 and 24 of Plaintiff's First Amended Complaint.

13. Answering paragraph 25 of Plaintiff's First Amended Complaint, it denies that Paul Levin, Assistant Quality Director, would not communicate with Plaintiff, and that Plaintiff was continually trying to reach him to tell him in person about Mr. Criswell's alleged misconduct; it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff also attempted to call Vice President of Quality and Safety Brian Murphy and sent him an email; it denies that Mr. Murphy ignored Plaintiff s request for a meeting; it denies each and every allegation contained in paragraph 25 of Plaintiff's First Amended Complaint not expressly admitted.

14. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

15. Answering paragraph 27 of Plaintiff's First Amended Complaint, it admits upon information and belief that on or about November 17, 2009, Plaintiff placed a digital recorder in her car; it affirmatively alleges that any alleged digital recording speaks for itself and to the extent that the allegations of Paragraph 27 purport to restate or paraphrase the recording, or any part thereof, it denies each and every allegation of Paragraph 27 to the extent that they differ in content, meaning or implication from the actual contents of any alleged recording; it denies all remaining allegations in Paragraph 27 of Plaintiff's First Amended Complaint not expressly admitted.

16. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28 and 29 of Plaintiff's First Amended Complaint.

17. It denies the allegations in paragraph 30 of Plaintiff's First Amended Complaint.

18. Answering paragraph 31 of Plaintiff's First Amended Complaint, it admits

that on November 20, 2009, Plaintiff called Jim Carrabelle and that he requested that Plaintiff come in on Monday, November 23, 2009, to meet with him; it denies all remaining allegations in Paragraph 31 of Plaintiff's First Amended Complaint not expressly admitted.

19. Answering paragraph 32 of Plaintiff's First Amended Complaint, it admits that Plaintiff met with Jim Carrabelle and Zeke Arvizu on November 23, 2009 and she provided them with a verbal statement; it affirmatively alleges that during that meeting, Plaintiff was asked for, and she agreed to provide a written account of what she claimed had occurred, and she also was asked if she was able to go to work, to which she responded that she was able to return to work; it further affirmatively alleges that Mr. Criswell was out of the office during this period of time; it denies all remaining allegations in Paragraph 32 of Plaintiff's First Amended Complaint not expressly admitted.

20. Answering paragraph 33 of Plaintiff's First Amended Complaint, it admits that Plaintiff sent Ms. Enriquez an email on November 29, 2009; it denies all remaining allegations in Paragraph 33 of Plaintiff's First Amended Complaint not expressly admitted.

21. It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

22. Answering paragraph 35 of Plaintiff's First Amended Complaint, it denies that plaintiff suffered extreme mental and emotional distress and that she was placed on long-term disability; it admits that Plaintiff was placed on FMLA leave and that Plaintiff was subsequently terminated; it affirmatively alleges that Plaintiff was placed on FMLA leave at Plaintiff's request, that concurrently with her FMLA leave she went on short-term disability leave, that she was terminated because she failed and refused to return to work following the expiration of her FMLA leave and that she also applied for (and may still be

1  receiving) long term disability benefits; it denies all remaining allegations in Paragraph 35
2  of Plaintiff's First Amended Complaint not expressly admitted.

3      23.    It is without knowledge or information sufficient to form a belief as to the
4  truth of the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

## COUNT ONE

### (Alleged Violation of Title VII – Sexual Harassment)

7      24.    Answering Paragraph 37 of Plaintiff's First Amended Complaint, it
8  incorporates by this reference each admission, denial and allegation contained paragraphs
9  1-23 of this Answer as though fully set forth herein.

10      25.    It denies the allegations in paragraphs 38, 39, 40 and 41 of Plaintiff's First
11  Amended Complaint.

## AS TO ALL ALLEGATIONS

13      26.    Sundt denies each and every allegation contained in Plaintiff's First
14  Amended Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

16  As affirmative defenses to the allegations contained in Plaintiff's First Amended
17  Complaint and upon information and belief, Sundt states as follows:

18      1.    Plaintiff's First Amended Complaint or any of the claims therein fail to state
19  a claim upon which relief can be granted.

20      2.    Damages to Plaintiff, if any, were caused in whole or in part by the
21  wrongful acts, conduct or omissions of others, including Plaintiff and/or third parties and
22  not by any wrongdoing on the part of Sundt.

23      3.    Plaintiff consented to the conduct alleged.

24      4.    All employment decisions regarding or affecting Plaintiff were based upon
25  legitimate, non-discriminatory, non-retaliatory, and reasonable business reasons that were
26  in no way related to Plaintiff's sex.

5. Some or all of the claims contained in Plaintiff's First Amended Complaint are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

6. Some or all of the claims contained in Plaintiff's First Amended Complaint are barred, in whole or in party, by the doctrine of unclean hands.

7. If any improper, illegal, harassing or discriminatory act was taken by any employee or agent of Sundt against Plaintiff, it was outside the course and scope of that person's employment, contrary to Sundt's policies and was not ratified, confirmed, or approved by Sundt. Thus, any such actions cannot be attributed to or imputed to Sundt.

8. Any improper, illegal, harassing or discriminatory actions by any employees or agents of Sundt were independent, intervening and unforeseeable acts that were not ratified, confirmed or approved by Sundt and thus cannot be attributed or imputed to Sundt.

9. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Sundt, Plaintiff has failed to mitigate or minimize the alleged damages.

10. Sundt engaged in good-faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed and carried out in good faith based upon reasonable grounds for believing that such conduct was not a violation of any law, and, therefore, Plaintiff fails to state a claim for punitive damages.

11. Sundt is not liable for punitive damages under federal law because neither Sundt nor any of its employees sufficiently high in their corporate hierarchies committed any act with malice or reckless indifference to Plaintiff's federally or state-protected rights, or approved, authorized or ratified, or had actual knowledge of any such acts.

12. At all relevant times, Sundt had in place a clear and well disseminated policy against discrimination, harassment, and retaliation. Further, Sundt had a reasonable and available procedure for handling complaints, which provided for prompt

FENNEMORE CRAIG, P.C.
PHOENIX

1  and effective responsive action. To the extent Plaintiff unreasonably failed to take
2  advantage of the preventive or corrective opportunities provided by Sundt, or to avoid
3  harm otherwise, Plaintiff's claims of alleged harassment are barred.

4      13.    Plaintiff has failed to exhaust her administrative remedies and/or has
5  otherwise failed to comply with all the statutory prerequisites to suit as required by Title
6  VII of the Civil Rights Act of 1964, as amended.

7      14.    Any claims by Plaintiff are time-barred.

8      15.    Any claims by Plaintiff based, in whole or in part, upon any alleged physical
9  or emotional injuries, including but not limited to alleged emotional distress are barred,
10 and Plaintiff's sole and exclusive remedy, if any, is governed by the Arizona Worker's
11 Compensation statutes.

12     16.    Sundt is without knowledge as to which, if any, additional affirmative
13 defenses may be supported by the facts developed through discovery and, rather than
14 waive same, Sundt reserves the right to amend its Answer at a later time to assert any
15 matter constituting an avoidance or affirmative defense, including without limitation those
16 matters set forth in Rule 8(c), Federal Rules of Civil Procedure.

17     WHEREFORE, Sundt requests that judgment be entered in its favor and against
18 Plaintiff; that Plaintiff's First Amended Complaint be dismissed with prejudice; that
19 Plaintiff take nothing thereby; that Sundt be awarded its reasonable costs incurred herein,
20 including reasonable attorneys' fees; and that the Court order such other and further relief
21 as it deems just and proper in the premises.

22     DATED this 22nd day of March, 2012.

FENNEMORE CRAIG, P.C.

By /s/ Ronald Stolkin
    Ronald Stolkin
    Jessica Post
    Attorneys for Defendant
    Sundt Construction, Inc.

FENNEMORE CRAIG, P.C.
PHOENIX

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tod F. Schleier,
Bradley H. Schleier,
SCHLEIER LAW OFFICES, PC
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Counsel for Plaintiff

*/s/ Julie Calvano Tolby*
Julie Calvano Tolby

6808297.1/088272.0015