WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Spain,<br><br>                     Plaintiff,<br><br>v.<br><br>Sundt Construction, Inc., an Arizona corporation,<br><br>                     Defendant. | No. CV 11-01617-PHX-JAT<br><br>**ORDER** |

      Pending before the Court is Defendant's Motion to Compel Mental Independent Medical Examination of Plaintiff (Doc. 44).  Plaintiff has not filed a response to the Motion.  The Court now rules on the Motion.

      Defendant moves, pursuant to Federal Rule of Civil Procedure 35(a), for the Court to compel an independent mental medical examination of Plaintiff.  Defendant argues that there is good cause to conduct an independent mental medical examination of Plaintiff because (1) she has put her mental condition in controversy by alleging that Defendant caused her to suffer "extreme mental and emotional" injuries and by alleging the her current damages are the result of mental injuries caused by Defendant; (2) Plaintiff's medical records reveal that she has been treated for mental conditions since she was four years old; and (3) Plaintiff has forgotten several of the mental health specialists that have treated her over the years making it difficult, if not impossible, for Defendant to obtain the full details of any pre-existing mental injuries Plaintiff may have had prior to the alleged harassment in this case.  Defendant has proposed that a board-

certified psychiatrist conduct the examination and has attached the doctor's Curriculum Vitae to the Motion to Compel.  Plaintiff has not responded to the Motion to Compel.

Federal Rule of Civil Procedure 35(a) provides,

> **a) Order for an Examination.**
> **(1) *In General.*** The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
> **(2) *Motion and Notice; Contents of the Order.*** The order:
> **(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1)-(2).

"A plaintiff in a negligence action who asserts mental or physical injury, . . .places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964) (internal citations omitted). Defendant has shown that Plaintiff has placed the cause of any mental injury she may have in controversy.  Plaintiff has failed to rebut or otherwise oppose this assertion.[1] Accordingly, Defendant has shown good cause for an independent mental medical examination of Plaintiff.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Mental Independent Medical Examination of Plaintiff (Doc. 44) is granted as follows:

**IT IS ORDERED** that Plaintiff shall appear for an independent medical mental

---

[1] Plaintiff is warned that failure to respond to motions may be deemed consent to the granting of such motions pursuant to LRCiv 7.2(i).

examination on December 18, 2012 at 8:00 a.m. at Steven Pitt & Associates, 15849 North 71st Street, Suite 100 Scottsdale, AZ 85254-2179. The examination shall be video and audio-recorded. No third parties will be permitted to sit in during the examination. Following an interview with the doctor, Plaintiff shall take a pencil and paper psychological test.

Dated this 21st day of November, 2012.

James A. Teilborg
United States District Judge